# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| KEITH L. ROSS, #261212, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 2:09-2195-PMD-RSC |
| v. ) | |
| ) | |
| McKITHER BODISON, WARDEN, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner Keith L. Ross's ("Petitioner") *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on August 14, 2009.[1] On August 31, 2009, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending Petitioner's Habeas Corpus Petition be dismissed without prejudice and without requiring Respondent McKither Bodison ("Respondent") to file a return. Petitioner filed an Objection to the R&R on September 9, 2009. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently incarcerated at the Lieber Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was indicted at the August 1999 term of the Cherokee County Grand Jury for armed robbery, assault and battery with intent to kill, and two

---

[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-276 (1988).

1

counts of possession of a weapon during the commission of a violent crime. On September 14, 1999, Petitioner was convicted by a jury and sentenced for: armed robbery (life), assault and battery of a high and aggravated nature (ten years), and possession of a weapon (five years), with sentences to be served concurrently.

Petitioner filed a direct appeal to the South Carolina Court of Appeals on September 18, 2000. The Court of Appeals upheld the convictions and issued the Remittitur on October 4, 2000. Petitioner filed an application for post-conviction relief ("APCR") on June 21, 2001, in which he alleged ineffective assistance of both trial and appellate counsel. The Cherokee County Court of Common Pleas denied and dismissed the APCR on August 14, 2004. Petitioner filed a timely notice of appeal. The South Carolina Supreme Court denied certiorari and issued the Remittitur on July 11, 2006.

On December 26, 2006, Petitioner filed a second APCR in the Cherokee County Court of Common Pleas. In this APCR, Petitioner alleged due process violations relating to the establishment of an evidentiary chain of custody. On October 31, 2007, the APCR was dismissed by the court as successive and barred by the statute of limitations. Petitioner appealed the denial of his APCR to the South Carolina Supreme Court, which denied certiorari and issued the Remittitur on November 24, 2008. Petitioner filed this habeas corpus action on August 14, 2009.[2]

## STANDARD OF REVIEW

**A.      Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no

---

[2] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-276 (1988).

2

presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

**B.      Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

## ANALYSIS

The Magistrate judge issued an R&R recommending Petitioner's claims be dismissed because his petition is untimely under the one-year statute of limitations, and because Petitioner has not established sufficient grounds for equitable tolling. First, Petitioner objects to the R&R on the grounds that the habeas petition is timely under the one-year statue of limitation. Next, Petitioner objects to the finding of the Magistrate on the grounds that there were sufficient grounds for equitable tolling. Specifically, Petitioner alleges that "there was a two-year inordinate delay before the Petitioner's attorney received the signed Order of Dismissal from the clerk of court." (Obj. pp. 1-2.) Next, Petitioner objects to the R&R's recommendation on the grounds that the Magistrate improperly considered, *sua sponte,* the timeliness of Petitioner's § 2254 habeas petition. (Obj. p. 3.) Specifically, Petitioner argues that "both due process and common sense dictate that Congress did not define [§]1915(a) to apply to [§] 2254." (Id.) Finally, Petitioner reiterates the substantive grounds set forth in his habeas petition–whether or not "Petitioner's Fifth, Sixth, and Fourteenth Amendment rights . . . and his due process rights [were] violated by [the] Solicitor's . . . failure to establish a chain of evidence?" (Obj. p. 4.) However, the Court finds that Petitioner's habeas petition is untimely under the applicable one year statue of limitations. Therefore, the Court will not rule on the underlying substantive issues of Petitioner's habeas petition.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D). The statute also provides for tolling of the statute of limitations during the pendency of PCR and collateral review proceedings. 28 U.S.C. § 2244(d)(2). In sum, "the AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

Petitioner objects to the Magistrate's recommendation that Petitioner's habeas petition is untimely because the one-year statue of limitations has run. Specifically, Petitioner asserts that his second APCR was denied certiorari by the South Carolina Supreme Court on November 4, 2008, and that the Remittitur was filed with the clerk of court on November 21, 2008.[3] (Obj. p. 1.) Therefore, according to Petitioner, the last date for filing the habeas petition within the statute of limitations period is November 21, 2009. However, Petitioner fails to note § 2244(d)(1)(a), which applies to Petitioner's habeas petition. As the Magistrate noted, the period of un-tolled time from

---

[3]The Court's documents indicate that the Remittitur for Petitioner's second APCR was filed on November 24, 2009.

5

the conclusion of Petitioner's direct appeal on October 4, 2000 is 688 days, almost a full two years. Petitioner's calculation of November 21, 2009 as the last filing date under the one-year statute of limitations is improperly based on the conclusion of his APCR proceedings on November 21, 2008. APCR proceedings are not considered to be direct review for the purposes of § 2244(d)(1), and the relevant time period for the statute of limitations begins on October 4, 2000 and includes all un-tolled time pursuant to 28 U.S.C. § 2244(d)(2)[4]. Therefore, Petitioner's complaint is untimely under the one-year statute of limitations and the Court fully adopts the Magistrates recommendation and incorporates it into this Order.

Next, Petitioner appears to allege grounds for equitable tolling. Specifically, Petitioner alleges that "there was a two-year inordinate delay before the Petitioner's attorney received the signed Order of Dismissal from the clerk of court." (Obj. pp. 1-2.) Equitable tolling is available only in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Accordingly, under the Fourth Circuit's "extraordinary circumstances" test, Petitioner is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. *Rouse,* 339 F.3d at 246. Petitioner must also show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims. *Harris*, 209 F.3d at 330. In addition, under the "extraordinary circumstances" test, the court should not consider the merits of the underlying claim.

---

[4]Which provides for the tolling of the statute of limitations during the pendency of PCR and collateral review proceedings.

Petitioner's claim for equitable tolling is without merit.  Petitioner's makes only vague and conclusory statements of an inordinate two-year delay in receiving the Order of Dismissal.  This alleged delay appears to stem from Petitioner's second APCR.  Petitioner provides no evidentiary support for his claim, as does not allege or show that he was prevented from filing despite exercising reasonable diligence in investigating and bringing the claims.  *Harris*, 209 F.3d at 330.  Therefore, Petitioner has not established grounds for equitable tolling of the statute of limitations.

Finally, Petitioner objects to the R&R on the basis that "both due process and common sense dictate that Congress did not define [§]1915(a) to apply to [§] 2254."  (Obj. p. 3.)  In other words, Petitioner is alleging that the Magistrate Judge improperly considered, *sua sponte*, the timeliness of Petitioner's habeas petition under the one-year statue of limitations.  However, Petitioner's claim clearly fails.

It is a well-established principle that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209-210 (2006).  Contrary to Petitioner's argument that Congress did not intend for § 1915(a) to apply, *Day* clearly illustrates this very application.  The Magistrate Judge did consider the timeliness of Petitioner's habeas petition, and found that the petition was filed well beyond the applicable one-year statute of limitations.  The Court finds that the Magistrate's calculations are correct, and fully adopts and incorporates the recommendation of the Magistrate Judge into this Order.

# CERTIFICATE OF APPEALABILITY

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**CONCLUSION**

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation and **ORDERS** that Petitioner's § 2254 habeas petition is **DISMISSED** without prejudice and without requiring the respondent to file a return and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**April 13, 2010**
**Charleston, SC**